No. 41,512

McKinley-Winter Livestock Commission Company, a corporation, *Appellee*, v. Joe Fletcher, *Appellant*.

(354 P. 2d 325)

Opinion filed July 14, 1960, affirming opinion filed December 12, 1959. (For original opinion of reversal with directions see *McKinley-Winter Livestock Commission Co. v. Fletcher*, 185 Kan. 637, 347 P. 2d 248.)

*John A. Etling*, of Kinsley, argued the cause, and *W. N. Beezley*, of Kinsley, was with him on the briefs for the appellant.

*James A. Williams*, of Dodge City, argued the cause, and *C. W. Hughes* and *Byron G. Larson*, both of Dodge City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Fatzer, J.: In our original opinion we held the district court erred in setting aside special question No. 2 and the jury's answer thereto and reversed the judgment entered upon the general verdict in favor of the plaintiff, and ordered that the defendant be granted a new trial. The defendant filed a petition for rehearing and the cause was reargued upon the sole question whether this court should enter judgment for the defendant.

We will not again set forth the pleadings of the parties nor summarize the evidence except to say that as a result of the pleadings

and a pre-trial conference the only factual issue was whether the defendant and his partner, Ray Holder, agreed to be responsible for, or "make good," any bad checks received from purchasers at the pony auction sale held in the plaintiff's sale barn. The district court submitted three special questions to the jury. Those questions and the jury's answers appear at page 640 of our original opinion and are incorporated in this opinion by reference. Special question No. 3 and its answer are not here involved.

The defendant argues that special questions Nos. 1 and 2 and their answers were not inconsistent with each other and that since the principal issue in the lawsuit was contained in special question No. 2, that is, whether the defendant agreed to "make good" any bad checks received during the auction sale, which was in effect answered by the jury in favor of the defendant, this court should order judgment in his favor notwithstanding that the general verdict was in favor of the plaintiff.

It is unnecessary to make an extended discussion of the appellant's contention. It is sufficient to say that a majority of the court is convinced that our original opinion is correct and that the state of this record requires the granting of a new trial. The original decision of December 12, 1959, reversing the district court and granting the defendant a new trial is adhered to.

PRICE, ROBB and FATZER, JJ., dissent, being of the opinion that judgment should be entered in favor of the defendant upon the answer to special question No. 2.